[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT CT Page 9563
WHEREAS, LUNSFORD RICHARDSON, JR. has asked that his resignation as Successor Trustee as of March 9, 1992 be confirmed and that he be discharged from further liability, and to appoint successor trustees to LUNSFORD RICHARDSON, JR. That allowance be made for counsel fees and all the parties having appeared by counsel and the as Guardian Ad Litem on September 28, 1992, and JOHN ORNE GREEN having appeared and this matter having been heard by the undersigned on December 15, 1992, and all of the parties having stipulated, for the appointment of H. SMITH RICHARDSON, III, of Atlanta, GA as sole successor trustee of the trusts known as A-5 and A-4 (sometimes referred to as Piedmont Account No. 11003 and 12003), respectively and for the appointment of BARBARA RICHARDSON EVANS of Summit, New Jersey as sole successor trustee of the trusts designated as A-1 (sometimes referred to as Piedmont Account No. 13003), A-2 (sometimes referred to as Piedmont Account No. 14003), and A-3 (sometimes referred to as Piedmont Account No. 15003) and further for the appointment of HEATHER STUART RICHARDSON of New York, New York as sole successor trustee of a sub-trust created out of the trust designated as A-2 (which is more particularly referred to as Account No. 14304) each Trustee to serve without bond and the compensation of all trustees as agreed to by the adult beneficiaries of the trusts and for the allowance of reasonable sums to JOHN ORNE GREEN for his services as Guardian Ad Litem, and the Court having heard the parties by counsel and having considered the matter and it appearing that the prayers of the complaint should be granted.
NOW THEREFORE, IT IS ADJUDGED:
That H. SMITH RICHARDSON, III of Atlanta, Georgia, BARBARA RICHARDSON EVANS of Summit, New Jersey and HEATHER STUART RICHARDSON of New York, New York as successor trustees by LUNSFORD RICHARDSON, Jr. are hereby approved subject to the following conditions:
 (1) No accounting to, the count is required so long as all of the succeeding trustees approve it provided, however, that upon the written request of two or more beneficiaries, the account must approved by the Superior Court.
 (2) The successor trustees will not be required to post a bond unless two or more of the beneficiaries file a motion requesting same and in that event the CT Page 9564 successor trustee shall provide a bond in an amount satisfactory to the beneficiaries. In the event the trustees fail to do so the beneficiaries may petition the Superior Court to set a bond.
 (3) The resignation of LUNSFORD RICHARDSON, JR. as trustee is approved as of March 9, 1992. The successor trustees are hereby confirmed as of the date of their acceptance.
MARGARET C. DRISCOLL, STATE TRIAL REFEREE